

SO ORDERED.

Robert J. Faris
United States Bankruptcy Judge

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF HAWAII

| In re: | Case No. 15-00397 |
|---|---|
| HOP 1 Enterprises, Inc. | (Chapter 11 Case) |
| Debtor. | Hearing: |
| | Date: December 14, 2015, February 23, 2016, May 12, 2016, April 4, 2017 and April 5, 2017 |
| | Judge: Robert J. Faris |
| | Relates to Docket Nos. 119, 120, 150 |

## FINDINGS OF FACT AND CONCLUSIONS OF LAW CONFIRMING THIRD AMENDED PLAN OF REORGANIZATION DATED AS OF FEBRUARY 21, 2018

The hearing to consider confirmation (the "Confirmation Hearing") of on the Debtor's Third Amended Plan of Reorganization Dated as of February 21, 2018 (the "Plan") was held on December 14, 2015, February 23, 2016, May 12, 2016, April 4, 2017 and April 5, 2017. Christopher J.

Muzzi, Esq. appeared for the Debtor HOP 1 Enterprises, Inc. ("Debtor" or "Proponent"). Theodore D. C. Young appeared for IHOP Franchising LLC ("IHOP"). Other appearances are as noted on the record.

Having considered all of the pleadings filed in support of confirmation, including the Plan, and based on the record in this case, the arguments and representations of counsel and the Declarations of Ernesto Abarro and Ronald Wells, filed in support of the Plan, the objections to confirmation of the Plan that were filed by IHOP and all declarations and exhibits filed by IHOP in support of its objections, all of the exhibits accepted into evidence, and good cause appearing, the Court now makes the following Findings of Fact and Conclusions of Law:

**FINDINGS OF FACT AND CONLCUSIONS OF LAW**

1. <u>Findings and Conclusions</u>. This constitutes the Court's conclusions of law, and the findings set forth herein constitute the Court's findings of fact pursuant to Rule 52 of the Federal Rules of Civil Procedure, as made applicable herein by Federal Rules of Bankruptcy Procedure ("Bankruptcy Rule") 7052 and 9014. To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

2. <u>Exclusive Jurisdiction, Venue, Core Proceeding (28 U.S.C. §§ 157(b)(2), 1334(a))</u>. This Court has jurisdiction over the Debtor's Chapter 11 Case and the confirmation of the Plan pursuant to 28 U.S.C. § 1334. Confirmation of the Plan is a core proceeding pursuant to 28 U.S.C. § 157(b) and this Court has jurisdiction to enter a final order with respect thereto. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. <u>Judicial Notice</u>. The Court takes judicial notice of the docket of the Chapter 11 Case maintained by the Clerk of the Court, including, without limitation, all pleadings and other documents filed herein, all orders entered, and all evidence and arguments made, proffered, adduced and/or presented (and not subsequently withdrawn) at the hearings held before the Court during the pendency of the Chapter 11 Case.

4. <u>Solicitation and Notice</u>. On November 10, 2015, the Court entered that certain Order on Hop 1 Enterprises, Inc.'s Ex Parte Motion for Entry of an Order (1) Determining that its Plan of Reorganization October 23, 2015 Contains Adequate Information and No Separate Disclosure Statement Is Required and (2) Approving Balloting Procedures and Scheduling Plan Confirmation Deadlines; Exhibits 1 -3, Dkt. No. 119, ("Plan/Disclosure Statement Order"). The Plan/Disclosure Statement

U.S. Bankruptcy Court - Hawaii   #15-00397   Dkt # 294   Filed 03/01/18   Page 3 of 10

Order, among other things, (i) ordered that the Plan was conditionally approved, subject to final approval at the confirmation hearing, as containing adequate information as defined in section 1125(a)(1) of the Bankruptcy Code such that a separate disclosure statement is not required, and (ii) approved the form and method of notice of the confirmation hearing ("Confirmation Hearing Notice"). On November 10, 2015, the Debtor served all creditors and parties in interest with the Confirmation Hearing Notice. Adequate and sufficient notice of the Confirmation Hearing and other requirements, deadlines, hearings and matters described in the Disclosure Statement Order were timely provided in compliance with the Bankruptcy Rules, and provided due process to all parties in interest. The hearings to consider the confirmation of the Debtor's Plan were held on December 14, 2015, February 23, 2016, May 12, 2016, April 4, 2017 and April 5, 2017. All parties required to be provided notice of the Confirmation Hearing (including the deadline for filing and serving objections to confirmation of the Plan) have been given due, proper, timely and adequate notice in compliance with the Bankruptcy Code, the Bankruptcy Rules, and the Plan/Disclosure Statement Order, and have had an opportunity to appear and be heard with respect thereto. No other or further notice is required. The objections to the Plan of IHOP were duly heard and

4

50121/1/89594

U.S. Bankruptcy Court - Hawaii   #15-00397   Dkt # 294   Filed 03/01/18   Page 4 of 10

considered during the aforesaid hearings. The objections of IHOP were resolved by means of a settlement between Debtor and IHOP that was memorialized in a Settlement Agreement that is attached as Exhibit 6.01 to the Plan.

5. <u>Proper Classification (11 U.S.C. §§ 1122, 1123(a)(1))</u>. In addition to Administrative Expense Claims and Priority Tax Claims, which need not be classified, the Plan designates four (4) Classes of Claims and one (1) Class of Equity Interest. The Claims and Equity Interests placed in each Class are substantially similar to other Claims and Equity Interests, as the case may be, in each such class. Valid business, factual, and legal reasons exist for separately classifying the various classes of Claims and Equity Interest created under the Plan.

6. <u>No Discrimination (11 U.S.C. § 1123(a)(4))</u>. The Plan provides for the same treatment for each Claim or Equity Interest in each respective class unless the Holder of a particular Claim or Equity Interest has agreed to a less favorable treatment on account of such Claim or Equity Interest, thereby satisfying section 1123(a)(4) of the Bankruptcy Code. The Plan therefore satisfies section 1123(a)(4) of the Bankruptcy Code.

7. <u>Implementation of the Plan (11 U.S.C. § 1123(a)(5))</u>. The Plan, together with the documents and agreements comprising or

contemplated by the Plan, including the Settlement Agreement between Debtor and IHOP that is attached as Exhibit 6.01 to the Plan, provide adequate and proper means for the implementation of the Plan as required by section 1123(a)(5) of the Bankruptcy Code. The Plan is funded by Debtor's net income from operations of its restaurant business. The Plan therefore satisfies section 1123(a)(5) of the Bankruptcy Code.

8. <u>Additional Plan Provisions (11 U.S.C. § 1123(b))</u>. The other provisions of the Plan are appropriate and consistent with the applicable provisions of the Bankruptcy Code, thereby satisfying section 1123(b) of the Bankruptcy Code. The failure to specifically address a provision of the Bankruptcy Code in this Order shall not diminish or impair the effectiveness of this Order.

9. <u>Proponent's Compliance with the Bankruptcy Code (11 U.S.C. § 1129(a)(2))</u>. Except as otherwise provided or permitted by orders of the Court, the Proponent has complied with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and the Plan/Disclosure Statement Order, thereby complying with section 1125 of the Bankruptcy Code.

10. <u>Plan is Proposed in Good Faith (11 U.S.C. § 1129(a)(3))</u>. The Debtor has proposed the Plan (including all documents necessary to

6
50121/1/89594

U.S. Bankruptcy Court - Hawaii    #15-00397    Dkt # 294    Filed 03/01/18    Page 6 of 10

effectuate the Plan) in good faith and not by any means forbidden by law, thereby complying with section 1129(a)(3) of the Bankruptcy Code. The Debtor's good faith is evident from the record of the Chapter 11 Case, including the record of the Confirmation Hearing, and other proceedings held in connection with the Chapter 11 Case. The Plan is based upon extensive negotiations between and among the Proponent and other parties in interest, including its secured creditor, its franchisor (IHOP), and the state and federal taxing authorities. Moreover, the Plan accomplishes the goals of maximizing the Debtor's estate and repaying Debtor's creditors in full over time through the continued business operations of the Reorganized Debtor. Accordingly, the Plan and has been filed in good faith and the Proponent has satisfied her obligations under section 1129(a)(3).

11. <u>Payment for Services or Cost and Expenses (11 U.S.C. § 1129(a)(4))</u>. All payments made or to be made by the Debtor for services or for costs and expenses in connection with the Chapter 11 Case, or in connection with the Plan and incident to the Chapter 11 Case, have been approved by, or are subject to the approval of, the Court as reasonable, thereby satisfying section 1129(a)(4) of the Bankruptcy Code.

50121/1/89594

7

U.S. Bankruptcy Court - Hawaii    #15-00397    Dkt # 294    Filed 03/01/18    Page 7 of 10

12. <u>Acceptance by Certain Classes (11 U.S.C. 1129(a)(8))</u>. Classes 2 and 3, the only two impaired Class under the Plan, voted in the requisite amount and number to accept the Plan, Dkt. No. 147.

13. <u>Treatment of Administrative Expense Claims and Priority Tax Claims (11 U.S.C. § 1129(a)(9))</u>. The treatment of Administrative Expense Claims and Priority Tax Claims satisfies the requirements of sections 1129(a)(9) of the Bankruptcy Code, as applicable.

14. <u>Feasibility (11 U.S.C. § 1129 (a)(11))</u>. The evidence proffered, adduced, or presented prior to and at the Confirmation Hearing (i) is persuasive and credible, and (ii) establishes that confirmation of the Plan is not likely to be followed by the liquidation, or the need for further financial reorganization, of the Debtor, thus satisfying the requirements of Section 1129(a)(11) of the Bankruptcy Code. The Plan has the requisite level of likelihood of success because the Plan restructures Debtor's debt to allow for management payments over time from the net income of Debtor's ongoing business operations. Accordingly, based on all of the foregoing, the Plan is feasible and section 1129(a)(11) is satisfied.

15. <u>Payment of Fees (11 U.S.C. § 1129(a)(12))</u>. As required pursuant to the Plan, all fees payable under section 1930 of title 28 of the United States Code have been or will be paid on the Effective Date, or as

soon thereafter as is practicable, thereby satisfying the requirements of section 1129(a)(12) of the Bankruptcy Code.

16. <u>Principal Purpose of the Plan (11 U.S.C. § 1129(d))</u>. The principal purpose of the Plan is not the avoidance of taxes or the avoidance of the application of Section 5 of the Securities Act of 1933, as such satisfying the requirements of section 1129(d) of the Bankruptcy Code.

17. <u>Satisfaction of Confirmation Requirements</u>. Based upon the foregoing, the Plan satisfies the requirements for confirmation set forth in section 1129 of the Bankruptcy Code.

18. <u>Good Faith</u>. The Proponent and all of its respective attorneys and representatives, (i) have acted in good faith in negotiating, formulating and confirming the Plan, and (ii) will be acting in good faith in proceeding to (a) consummate the Plan and the agreements, compromises, settlements, transactions, and transfers contemplated thereby or incorporated therein, including the Settlement Agreement that is attached as Exhibit 6.01 to the Plan, and (b) take the actions authorized and directed or contemplated by the Plan.

19. <u>Entry of Confirmation Order</u>.  Based on the foregoing findings of fact and conclusions of law, it is appropriate for the Court to enter the Confirmation Order.

**END OF FINDINGS OF FACT & CONCLUSIONS OF LAW**

APPROVED AS TO FORM

/s/ Theodore D. C. Young
CADES SCHUTTE LLP
THEODORE D. C. YOUNG
Attorney for IHOP Franchising LLC

/s/ Cynthia M. Johiro
CYNTHIA M. JOHIRO
Attorney for STATE OF HAWAII,
DEPARTMENT OF TAXATION

Submitted by:
Christopher J. Muzzi
1132 Bishop Street, Suite 2400
Honolulu, Hawaii 96813
Phone: (808) 531-0490; Fax: (808) 534-0202
Email: cmuzzi@hilaw.us
Attorney for Debtor
HOP 1 ENTERPRISES, INC.

---

In re: HOP 1 Enterprises, Inc., Bk Case No. 15-00397 (Chapter 11)
FINDINGS OF FACT AND CONCLUSIONS CONFIRMING THIRD AMENDED PLAN OF REORGANIZATION DATED AS OF FEBRUARY 21, 2018

10

50121/1/89594